UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GF FUNDING SWANSEA, LLC, SWANSEA HOLDINGS, LLC, and SMI HOLDINGS LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>OCEAN INVESTMENT HOLDINGS, LLC and NICHOLAS FIORILLO,<br><br>    Defendants. | Civil Action No. 1:22-cv-11795-ADB |

**EMERGENCY MOTION TO DIRECT CLERK TO TRANSMIT
ORDER OF REMAND TO THE MASSACHUSETTS SUPERIOR COURT**

In order to avoid an imminent judgment, Ocean Investment Holdings, LLC and Nicholas Fiorillo ("Fiorillo") (collectively "Defendants") improperly removed the above-captioned action five months after it was filed and three weeks before an assessment of damages hearing following default. On October 26, 2022, this Court remanded the matter *sua sponte*.[1]

---

[1] The order stated:

> This action is hereby REMANDED to the Suffolk County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. In accordance with Local Rule 81.1(d), there is no reason to delay remand and the Clerk is directed to enter an order of remand forthwith, and then to notify the Superior Court pursuant to 28 U.S.C. §1447(c), and close this case. Defendants purport to remove a civil action from Suffolk County Superior Court styled GF Funding Swansea, LLC et al. v. Ocean Investment Holdings, LLC et al., Civ. No. 2284CV01064. Pursuant to 28 U.S.C. § 1447(c), with respect to removed actions, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.' Subject matter jurisdiction under Section 1447(c) 'can be entertained at any time and it can be either raised by the Court *sua sponte* or by the parties to the proceedings.' Rivera Narvaez v. JC Penney Puerto Rico, Inc., Civ. No. 18-1896-RAM, 2019 WL 3941104 at *2 (D.P.R. Aug. 20, 2019) (citation and quotations omitted). The Court also has an independent obligation to inquire into its subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). A review of the complaint indicates that the underlying action is purely based

The following day, in yet another bad faith effort to prevent the entry of a judgment against him by the Massachusetts Superior Court, Fiorillo filed a notice of appeal. He pulled the same procedural stunt on another matter weeks earlier, which this Court remanded finding the appeal frivolous and "a transparent attempt to impede the resolution of the state court proceedings…"[2]  That admonition notwithstanding, Fiorillo has in identical fashion abused federal law once again to forestall the entry of judgment.

---

    upon state law claims, and accordingly there is no original jurisdiction under 28 U.S.C. 1331. There is also no diversity jurisdiction. Although there is no notice of removal attached, the Defendants in their cover letter claim removal is proper because the claims in the complaint are identical to or related to other cases purportedly already removed to federal court. See ECF No. 1-3. According to the defendants, the complaint provides the basis for a purported racketeering counterclaim under 18 U.S.C. 1962(c). Id. However, 'the Complaint only raises state law claims, and in general, 28 U.S.C. § 1446 permits removal only on the basis of claims brought against defendants instead of on the basis of counterclaims asserted by them.' *Arroyo v. Playa Papaya, LLC,* CV 21-1348 (PAD), 2022 WL 281587, at *2 (D.P.R. Jan. 31, 2022) (citing B*allard's Serv. Ctr., Inc. v. Transue,* 865 F.2d 447, 449 (1st Cir. 1989) (*per curiam*)).'(PSSA, 5)

[1]    In *Spitalny et al v. Fiorillo*, Case 1:22-cv-11413-AK [Doc. No. 33], The Court ruled:

    Plaintiffs' [31] Emergency Motion is GRANTED.  Although Defendant's filing of his [25] Notice of Appeal would ordinarily deprive this Court of jurisdiction over this matter while the appeal is pending, this Court retains jurisdiction where an appeal "constitutes a transparently frivolous attempt to impede the progress of the case." *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998).  Here, Defendant's appeal is frivolous, as it is apparent from the record that there is no basis for federal subject-matter jurisdiction over this action, and that Defendant's deadline to file a notice of removal expired long ago.  Further, Defendant's appeal, like his notice of removal itself, appears to be a transparent attempt to impede the resolution of the state court proceedings between these parties.  Accordingly, the Clerk of Court is hereby ordered to transmit the Court's [22] Order to the state court.

    Although the Court has accepted Defendant's filing of his [32] opposition by email, Defendant is reminded that filing by email is improper.  Defendant must make all further filings directly with the Court.

While as a general rule district courts should refrain from acting in matters that are subject to an appeal, this rule does not apply "where the defendant frivolously appeals." *Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 93 (1st Cir. 2003); *see United States v. Brooks*, 145 F.3d 446 (1st Cir. 1998). That is the case here. The 30-day time limit for notices of removal is mandated by the plain language of 28 U.S.C. § 1446(b)(1) and Fiorillo's notice of removal does not state a colorable claim for the exercise of federal jurisdiction. Therefore, the appeal "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Moreover, because Fiorillo has failed to move for a stay, he cannot credibly complain if this Court performs the ministerial function of transmitting its order to the Superior Court. *See* Fed.R.App.P. 8(a) ("A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal…")

## CONCLUSION

For the reasons stated above, the plaintiffs request that the Court: (1) find that Fiorillo's appeal is frivolous; and (2) order the clerk's office to transmit its order of remand to the Massachusetts Superior Court and perform any other acts necessary for the Massachusetts Superior Court to effectuate its jurisdiction.

    Respectfully submitted,
GF FUNDING SWANSEA, LLC,
SWANSEA HOLDINGS, LLC, and SMI
HOLDINGS LLC,

By their attorneys,

/s/ Kevin T. Peters
Kevin T. Peters, BBO#550522
kevin.peters@gesmer.com
GESMER UPDEGROVE LLP

3

                                            40 Broad Street
                                            Boston, MA  02109
                                            Telephone: (617) 350-6800
                                            Facsimile: (617) 350-6878

Dated: November 1, 2022

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon Nicholas Fiorillo by First Class Mail and email on November 1, 2022.

                                                                /s/ Kevin T. Peters